Abraham Schlissel, J.
On March 11, 1959, at Connecticut and Beech Streets, the defendant, Stanley Bobbin, passed a stopped school bus.
This involves a violation of section 1174 of the Vehicle and Traffic Law, as added by chapter 698 of the Laws of 1957.
Upon the trial of this charge the defendant raised a number of issues, all of which the court believes to be insubstantial in character with a single exception. That exception is concerned with the defendant’s contention that, upon a prosecution under section 1174 of the Vehicle and Traffic Law, the People are required to prove as part of their prima facie case that the vehicle involved, the vehicle allegedly passed by the defendant, was in fact a school bus as defined by section 142 of the Vehicle and Traffic Law.
*430 Section 142, which was added to the Vehicle and Traffic Law by the same chapter 698 of the Laws of 1957, defines a school bus as ‘ ‘ Every motor vehicle owned by a public or governmental agency or private school and operated for the transportation of pupils, teachers and other persons acting in a supervisory capacity, to or from school or school activities or privately owned and operated for compensation for the transportation of pupils, teachers and other persons acting in a supervisory capacity to or from school or school activities.”
It seems to the court clear that the mandate of this section imposed upon the People the duty and obligation of proving that, at the time and place alleged in the information, this vehicle was either owned by a public or governmental agency and being operated for the transportation of pupils, teachers and other persons acting in a supervisory capacity to or from school or school activities, or privately owned and operated for compensation for the transportation of pupils, teachers and other persons acting in a supervisory capacity to or from school or school activities.
The court finds that in this case there is a complete absence of proof of either ownership of the vehicle in question by the school district, or the existence of some other valid lease or contract of hiring.
The court believes, on a prosecution such as this, it would have no right to rely upon any presumption arising, or claimed to arise, from the mere circumstance that the vehicle was designated as a school bus, or otherwise carried signs to that effect.
Upon a prosecution of this kind, it is the court’s opinion the People are required to prove every element of the case beyond a reasonable doubt.
In this case the court believes the People have failed to prove one essential and major element of the ease, in other words, that this was in fact at the time and place mentioned in the information a school bus.
Accordingly the court grants the motion made by defense counsel and dismisses this information.
The court will direct the attention of the prosecuting authorities to the fact in the future it would seem to be necessary that there be some evidence offered in these prosecutions of the fact that there was either ownership of the vehicle or valid lease or contract of some kind.