Alexander J. Brown, J.
The defendant is charged with a violation of subdivision (a) of section 1174 of the Vehicle and Traffic Law.
Upon defendant’s plea of not guilty a trial of the issues was had before me.
The complaining witness, a police officer and a member of the Town of Eastehester Police Department, testified that on the 29th day of September, 1961, at approximately 3:15 p.m. he and a fellow policeman were sitting in a parked police ear in front of the Tuckahoe High School on Siwanoy Boulevard in the Town of Eastehester. That he was observing a school bus standing on the north side of Siwanoy Boulevard in front of the Tuckahoe High School receiving students who were boarding said bus. That said bus was painted in a chrome color, had two lights which were flashing on the front of the bus and two lights which were flashing on the rear of the bus. In addition said bus had displayed thereon two signs, one on the front and one on the rear with the words “ School Bus ” designated thereon. He further testified that the defendant, while driving a motor vehicle east on Siwanoy Boulevard not only failed to stop said vehicle before reaching said bus but actually passed the bus. The people also called as a witness the other police officer who was sitting in the afore-mentioned police car. He testified that he was in a position to observe the school bus and also the manner in which the defendant drove her vehicle when she approached the school bus and also the manner in which she passed the bus. He fully corroborated the complaining witness’s testimony.
The defendant took the stand in her own defense and testified that she was driving her car east on Siwanoy Boulevard, that she had a passenger in the car with her, that she was looking-for a girl friend who was a student at the Tuckahoe High *596 School, that there was a lineup of students waiting to he received into the bus but that the door of the bus was closed and there were no flashing lights and that no students boarded the bus.
At the end of the testimony, defendant’s attorney made a motion to dismiss upon various grounds. Said motion is denied. In denying the motion, I do hereby pass specifically upon that portion of the motion wherein the defendant’s attorney argues that the People failed to prove that the bus in question was a school bus as defined in section 142 of the Vehicle and Traffic Law. In support of his argument he cited the case of People v. Robbin (20 Misc 2d 429). This is a decision in the City Court of the City of Long Beach and holds that in order to prove a violation of section 1174 of the Vehicle and Traffic Law, it is incumbent upon the People to prove that the alleged school bus is either owned by a public or governmental agency and being operated for the transportation of pupils, teachers and other persons acting in a supervisory capacity to or from school or school activities, or privately owned and operated for compensation for the transportation of pupils, teachers and other persons acting in a supervisory capacity to or from school or school activities.
I cannot agree with the reasoning of this decision. In my opinion if the People prove that the alleged school bus complies in all respects with subdivision 20 of section 375 of the Vehicle and Traffic Law as to the equipment requirements, such as flashing red .signal lamps, signs designating the bus as a “ School Bus ” and painted in the color known as “national school bus chrome ”, they have proven prima facie the bus is a school bus and they need not go further to prove the ownership of the bus by a public or governmental agency or private school or private ownership of the bus for compensation for the transportation of pupils, teachers and other persons acting in a supervisory capacity to and from school or school activities. To follow the case of People v. Robbin (supra) could lead the trial of the issues in a case involving a violation of section 1174 of the Vehicle and Traffic Law far afield on the multitude of questions that might arise on the validity and effectiveness of contracts or leases, on the multitude of questions that might arise on the actual ownership of a vehicle, on the multitude of questions that might arise on what is or is not a public or1 governmental agency or a private school.
The Legislature in its wisdom and as a safety measure clearly defined the manner of overtaking and passing a school bus when it adopted section 1174 of the Vehicle and Traffic Law. *597 It clearly defined the manner in which a school bus shall be equipped and designated to the visual public. The fact that the Legislature under article 1 of the Vehicle and Traffic Law, entitled “ Words and phrases defined ” enacted section 142 thereof does not necessarily mean that provisions of this section are a necessary or exclusive manner of proving a bus to be a school bus.
In the instant case I find that the defendant violated section 1174 of the Vehicle and Traffic Law, as set forth in the information and that the People have proven that the bus in question was a school bus. Accordingly, I fine the defendant $10 and direct that her fine be paid and her license produced to be marked in accordance with the law on or before February 26, 1962.